**James and Una STRAIN, Plaintiffs,**

v.

**KAUFMAN COUNTY DISTRICT ATTORNEY'S OFFICE, et al., Defendants.**

**No. 3:95–CV1800.**

United States District Court, N.D. Texas, Dallas Division.

June 8, 1998.

Kenneth Byford and Tisha L. Tanaka of Byford & Associates, P.C., Dallas, TX, for Plaintiffs.

Stephen Cass Weiland, Capshaw, Weiland, Goss & Bowers, L.L.P., Dallas, TX, for Kaufman County Defendants.

Dan Morales, Attorney General of Texas and James B. Pinson, Assistant Attorney General, Austin, TX, for State Defendants.

Randall Lee Roberts of Blalack & Williams, P.C., Dallas TX, for Howard Defendants.

David S. Mallard, Law Offices of David S. Mallard, Terrell, TX, for Margaret Spain and McKeon Defendants.

Melinda Lee Eitzen, Clark, West, Keller, Butler, & Ellis, Dallas, TX, for Fangue Defendants.

Jonathan B. Skidmore, Fulbright & Jaworski, Dallas, TX and Kerry Lawson Pedigo, U.S. Dept. of Justice Tax Div., Dallas, TX, for Defendant Paul Caesar.

## ORDER

BILBY, Senior District Judge.

### I. Introduction

Before the Court are Defendants' applications for attorneys' fees and costs. The State Defendants seek $32,014.00 in fees and $1,028.04 in expenses and $3,153.10 in costs. The Kaufman County Defendants [1] seek $54,435.00 in fees and $2,282.97 in costs.

Plaintiffs oppose the requested relief asserting that since they have appealed, this Court lacks jurisdiction to entertain these fee applications. Plaintiffs also contend that Defendants are only entitled to fees under § 1988 for the time spent prosecuting the civil rights claims. According to Plaintiffs, Defendants may not be awarded fees and costs expended in defending the RICO and malicious prosecution claims. Finally, Plaintiffs argue that under *Munson v. Friske*, 754 F.2d 683 (7th Cir.1985), Defendants are not entitled for fees under § 1988. Thus, Plaintiffs propose that the Court apply the Seventh Circuit's test in determining frivolous,

unreasonable or groundless claims to deny the applications.

### II. Jurisdiction

■ Plaintiffs' argue that the Court lacks jurisdiction because they have filed their Notice of Appeal. In this circuit, a "district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees or sanctions." *Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 987 (5th Cir.1987). Thus, Plaintiffs' argument is without legal support.

### III. Defendants' Fees

■ "In any action or proceeding to enforce [42 U.S.C. § 1983], the district court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Supreme Court ruled in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) that Defendants should receive attorneys' fees under § 1988 only when the plaintiff's claim was "frivolous, unreasonable, or groundless," or when "the plaintiff continued to litigate after it clearly became so." *Id.*, 434 U.S. at 422, 98 S.Ct. at 700. A finding of bad faith is not a prerequisite to an award of attorneys' fees to a defendant, but "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorneys' fees incurred by the defense." *Id.* In applying *Christiansburg*, the Fifth Circuit cited three factors as important in determining frivolity: "(1) whether plaintiff established a prima facie case; (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir.1991). The Court finds these factors satisfied here.

Briefly, Plaintiffs alleged that they were victimized by a wide-ranging conspiracy consisting of state and county agencies and various state actors. Plaintiffs alleged that the defendants violated their liberty and proper-

---

**1.** The Kaufman Defendants include Lisa Gent, Louis Conradt, Kaufman County, James Nixon, Rodney Kinkaid, Pete Hammock, Ivan Johnson, Kaufman County Child Welfare Board, Ruby Snow, Donna Durham, Andrea Brantly, Billie J. Hans, Steve Rhodes, Charlotte McDougald, Mike Scullin, Barbara McBurney and Neldajo Mathison.

ty interests by prosecuting Plaintiffs without probable cause, manufacturing evidence to continue the prosecution of Plaintiffs and stealing and misdirecting Plaintiffs' child support payments for Defendants own personal use.

## A. Frivolity Factors

### 1. Failure to Establish Prima Facie Case

The Court found as a matter of law that Plaintiffs failed to establish a prima facie case as to malicious prosecution or the RICO Act. *See* Order dated February 12, 1998. While the Court found Defendants were entitled to qualified immunity for the civil rights violations, the Court also set forth in detail the objective reasonableness of the Defendants' conduct in this case. *Id.* at 6-8. The Court was particularly disturbed by Plaintiffs' lack of evidentiary support. For example, Plaintiffs contentiously prosecuted the defendants without even knowing if they were involved in the initiation of the criminal cases. *Id.* at 8:23-28. In effect, this Court found that Plaintiffs failed to present any evidence showing theft of child support payments or fabrication of false evidence or abuse of judicial processes by any of the defendants.

### 2. Lack of Settlement Value

These Defendants never entertained serious settlement since they have always been of the opinion that this suit was frivolous. *See e.g.,* State Defendants' Motion For Attorneys' Fees, Expenses, and Costs at 4; Affidavit of S. Cass. Weiland, counsel for Kaufman County Defendants. The Kaufman County defendants' offer to settle for nuisance value was rejected by Plaintiffs. Weiland Aff. at ¶ 7.

Pursuant to Plaintiffs' request to dismiss certain defendants pursuant to Fed.R.Civ.P. 41(a)(i)(ii), the Court dismissed Defendants James Fangue, Patricia Fangue, Paul T. Ceasar, David McKeon and Margaret Spain. There is nothing in the record to support a finding that any of these defendants paid anything in settlement.

On August 18, 1997, the Howard Defendants were dismissed with prejudice. The record with regard to that dismissal is telling. Plaintiffs sued Catherine and Wilbur Howard. Mrs. Howard is Una Strain's daughter and James Strain's sister. The Howards provided care for Christa for some nine months beginning in July, 1994. The Howards did not participate in any of the underlying proceedings, yet they were named to this suit based on their association as foster parents. The Howards filed a motion for summary judgment. In lieu of a response, Plaintiffs moved under Fed. R.Civ.P. 41(a)(2) to dismiss the Howards because "they no longer wish[ed] to prosecute the [Howards]." *See* Plaintiffs' Motion for Leave to Dismiss and Brief in Support filed July 22, 1997. In response to Plaintiffs' offer to dismiss them, the Howards objected as any such dismissal would be "without prejudice." It had been the Howards' consistent position that this suit was frivolous and brought in bad faith. *See e.g.,* Response of Defendants Catherine Howard and Wilbur E. Howard to Plaintiffs' Motion for Leave to Dismiss at 3. The Howards informed Plaintiffs that unless this matter could be put a an end, they fully intended to seek attorneys' fees and costs when they prevailed at summary judgment. *Id.* The Howards requested that the Court rule on their dispositive motion if this suit could not be dismissed with prejudice. *Id.* at 7. The Court fashioned an order dismissing the Howards with prejudice. *See* Order of August 18, 1997. Neither Plaintiffs, nor the Howards moved the Court for reconsideration of that Order. The Court finds that the Howards' situation represents the frustration experienced by the individual defendants who have had to personally absorb the financial and emotional costs of this litigation.

### 3. No Trial Required

As to the third factor, Plaintiffs prevailed on no issue or claim. While the Court gave Plaintiffs every opportunity to prove their case, they presented nothing to merit a trial. Plaintiffs' deposition testimony was conclusory with a paucity of evidentiary support. Their affidavits were wholly deficient and not based on personal knowledge. Additionally, in dismissing the Kaufman County District Attorney's Office and prosecutors, Lisa Gent and Louis Conradt, U.S. District Judge Jorge Solis found Plaintiffs ignored well-set-

tled U.S. Supreme Court and Fifth Circuit precedent concerning prosecutorial immunity. The Court finds that there was no good faith basis in pursuing litigation against the County Attorney's Office or its officers. Plaintiffs' claims were frivolous, unreasonable and groundless and Defendants as the prevailing party are entitled to their fees and costs.

## B. 28 U.S.C. § 1927

Defendants request that Plaintiffs' counsel, Kenneth W. Byford and his firm, be found jointly liable for the fees and costs since he prosecuted claims which as a lawyer he knew were frivolous. Plaintiffs did not object to this suggestion.

28 U.S.C. § 1927 allows a district court in its discretion to require an attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." While the standard under § 1927 is vexatious multiplication of litigation, a district court may invoke this provision to award fees and costs for an entire course of proceedings if the case should never have been brought in the first place. *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292 (5th Cir.1983), *clarified on reconsideration*, 722 F.2d 209 (5th Cir. 1984), *cert. denied*, 464 U.S. 1069, 104 S.Ct. 975, 79 L.Ed.2d 213 (1984).

In this case, Byford and his firm represented Plaintiffs in the state civil proceeding brought by the Texas Department of Protective and Regulatory Services. As such, Byford was intimately familiar with the particulars of that proceeding and knew, at a minimum, that there was no legal basis for pursuing this case. Byford deposed Defendant Lisa Black three times in addition to having her deposition in the state proceeding. Yet, he was unable to present any material evidence in support of Plaintiffs' allegations.

The record establishes that Byford needlessly multiplied these proceedings. For example, early in this litigation, Byford issued subpoenas to non-party witness Judge Joe Parnell, Ivan Johnson, Laura Peace and Kaufman County Child Welfare Board. Judge Parnell is a Kaufman Count court-at-law judge; Hammock and Johnson are Kauf-

man County commissioners; and Peace is the administrator of A. Fern Norwell Children's Center. Byford's subpoena's directed Judge Parnell, Hammock and Johnson to produce their tax returns and supporting documents from 1989 to 1994. Peace was directed to produce "all records contained in boxes in your possession at the shelter." Kaufman County Child Welfare Board was directed to produce "all contracts" with the TDPRS, Kaufman County District Attorney, Kaufman County Sheriff and 86th Judicial District Court. Counsel Stephen Cass Weiland informed Byford by letter that these subpoenas failed to satisfy Rules 5, 34, and 45 of the Federal Rules of Civil Procedure and were abusive. Weiland urged Byford to withdraw the subpoenas immediately. Yet, Byford did not withdraw his subpoenas. Weiland was forced to file on behalf of these individuals, a motion to quash the subpoenas and for sanctions. After hearing, Magistrate Judge Jeff Kaplan quashed the subpoenas and sanctioned Byford & Associates $500.

On March 21, 1997, Byford moved twice for sanctions against the State Defendants for failure to provide certain documents. Byford requested that the State Defendants be fined, incarcerated, their pleadings struck and default judgment entered in Plaintiffs' favor. The State Defendants responded that Byford failed to follow the mandates of Fed. R.Civ.P. 11. Notwithstanding, the State Defendants asserted that the documents had been provided and if not, they never existed. Finding that Byford failed to establish that the documents existed, the Court denied his request.

Based on the record and the few examples given above, the Court holds that Mr. Byford and his firm acted improperly in filing and prosecuting this case. Defendants and non-parties were subjected to overbroad discovery. Subpoenas were served on the state judiciary seeking personal, irrelevant discovery. The number and volume of the pleadings filed establish that this litigation was costly in terms of time, money and finite judicial resources. The taxpayers of this State, however, are the ultimate victims of Byford's litigation tactics.

The Court concludes that based on the foregoing, this suit was filed for the sole purpose of harassing Defendants for oppressive reasons. Therefore, Kenneth Byford and his law firm shall be jointly liable for the fees and costs in this case.

## IV. Reasonableness of Attorneys' Fees

■ There are twelve factors a court must consider in determining whether the fees requested are reasonable. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974), *overruled on other grounds, Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). The principal factors are time and labor required, and the customary fee. *Shipes v. Trinity Industries,* 987 F.2d 311, 319–20 (5th Cir.), *cert. denied,* 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993). The Court having considered the *Johnson* factors, find the Defendants are entitled to their fees for the reasons set forth below.

### A. The State Defendants

■ The State Defendants expended a total of 403.15 hours in this case and paralegal assistance of 219.2 hours. The State Defendants deleted 159.4 attorney hours and 133.6 paralegal hours as unproductive, unnecessary or insufficiently documented. They also did not include time expended by in-house counsel. The State Defendants are also requesting reimbursement of $1,028.04 for various expenses relating to airfare and car rental in order to attend depositions in Dallas and the Rule 26(f) meeting. These are not all the expenses incurred by the State Defendants. They deleted approximately $2,429.42 incurred in traveling to and from Dallas for various purposes related to this litigation. All told, Defendants have elected to forego seeking reimbursement for $24,574.67 in order to keep their fee request reasonable. Thus, the State Defendants are seeking:

| | | |
|---|---|---|
| $28,590.00 | Attorneys' Fees (90.15 at $100/hr;156.60 hours at $125.00/hr.) | |
| $ 3,424.00 | Paralegal Fees (85.60 hours at $40.00/hr.) | |
| $ 1,028.04 | Travel Expenses | |

■ The State Defendants provided evidence that attorneys in the State of Texas average $165 per hour for those with 11–15 years experience; $124 per hour for those with 3–5 years experience; and $110 per hour for those with up two years experience. Thus, the hourly rates requested here fall well within the realm of reasonableness. Plaintiffs attempt to argue that the Court should deny the requests because the time expended on the RICO claims is not separated from the civil rights claims and as such, do not provide a basis for an award of fees under section 1985. The Court rejects Plaintiffs' contention.

The RICO allegations concerned the same conduct as the alleged civil rights violations. That is, that Defendants misappropriated federal and state funds for their own personal benefit. The claims were so intertwined, that given the amount claimed by the State Defendants, it would not be reasonable to reduce their fee request. Additionally, the Court finds that the travel costs shall be granted as the depositions taken were reasonably necessary.

### B. The County Defendants

The County Defendants seek fees for 362.9 hours at $150 per hour for a total of $54,435.00. Based on the *Johnson* factors, the County Defendants contend that they are entitled to an upward adjustment in light of the difficulty of the issues presented, the reckless litigation tactics of Plaintiffs' counsel, the reputation and experience of counsel and the results obtained.

Pursuant to 12(b)(6), Magistrate Judge Solis dismissed the District Attorneys' Office and prosecutors Gent and Conradt based on prosecutorial immunity. As set forth above, there was no legal basis for suing these defendants other than for harassment. With respect to the Kaufman County Defendants, the Court concluded that they were not in a position to deprive Plaintiffs of a constitutional right. *See* Order dated February 12, 1998 at 10. As with the State Defendants, these Defendants were dismissed on dispositive motions with no material question of fact. The Court has reviewed the time records and finds they are reasonable.

■ While the County Defendants seek an upward adjustment, no reasons were specifically given to justify such an award. The Fifth Circuit holds that an enhancement in the lodestar on the basis of legal skills is justified only if the caliber of work was above

that expected of attorneys of the caliber reflected in the hourly rate. *Graves v. Barnes,* 700 F.2d 220, 223 (5th Cir.1983). Moreover, upward adjustments "are proper only in certain rare and exceptional cases supported by both specific evidence on the record." *See Shipes,* 987 F.2d at 320. The Court finds that since the County Defendants did not provide the detailed findings that this Court must rely on to support an upward adjustment, this request shall be denied.

### V. Taxable Costs

Pursuant to Rule 54(d)(1) and 28 U.S.C. §§ 1920 and 1924, Defendants are entitled to their taxable costs. Section 1920 grants the Court discretionary authority to tax costs. The Court finds that Defendants' requests in this regard are reasonable.

### VI. Conclusion

Plaintiffs' counsel appears to believe that liberal use of speculation and hyperbole can create sufficient confusion to warrant a trial. Plaintiffs complain about the chilling effect awarding defendants fees under § 1988 will cause. The Court agrees that it is a rare instance, indeed, where government defendants should receive their fees. This is one. The Defendants have a duty to the children of the State of Texas to protect them without the fear of frivolous litigation. Here, James Strain admitted that he handcuffed Christa to her bed as his way of controlling her. Surely, he cannot believe that that is an acceptable form of discipline. If he disagrees, his attorney certainly should have known better.

Based on the foregoing,

IT IS ORDERED that the State Defendants' Motion and Brief For Attorneys' Fees, Expenses, and Costs is GRANTED and the State Defendants are hereby awarded $32,014.00 in attorneys' fees; $1,028.04 in expenses, and $3,153.10 in costs;

IT IS ORDERED that the Kaufman County Defendants' Motion for Attorneys' Fees and Costs and Brief in Support is GRANTED and the Kaufman County Defendants are hereby awarded $54, 435.00 in attorneys' fees and $2,282.97 in costs;

IT IS FURTHER ORDERED that Kenneth W. Byford and the law firm of Byford, Tanaka & Schulman, P.C. are jointly liable with James Strain and Una Strain for the fees and costs awarded herein.