United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41762
Summary Calendar

KEVIN M. BOETTNER,

                                        Plaintiff-Appellant,

versus

BEN RAIMER, Doctor; SUSAN L SCHUMACHER, Grievance Administrator;
ROCHELLE MCKINNEY, Registered Nurse; CALVIN CANNON, DDS; EDDIE
CHASTAIN, Clinical Manager,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-219
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Kevin M. Boettner, Texas prisoner #906170, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action for

failure to exhaust administrative remedies, for failure to state a

claim upon which relief may be granted, and as frivolous. Boettner

also appeals the district court's grant of summary judgment to

Calvin Cannon, D.D.S. Boettner asserts that the magistrate judge

erred by denying his motion to amend his complaint and by altering

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and omitting some of his claims. Boettner contends that he exhausted his administrative remedies regarding his claims against Eddie Chastain and Dr. Ben Raimer. Boettner argues that he stated a viable claim against Dr. Cannon for threatening him. He further maintains that the district court erred by not appointing him counsel for pre-trial matters. For the first time on appeal, Boettner asserts that the district court judge should have recused himself. He also contends that the district court erred by granting Dr. Cannon's motion for summary judgment and abused its discretion by dismissing his deliberate indifference claim against Dr. Cannon as frivolous. Boettner additionally maintains that the dismissals of his previous complaint and appeal as frivolous were erroneous and should not count as strikes under 28 U.S.C. § 1915(g).

Boettner had a right to amend his complaint once before the service of a responsive pleading. *See* FED. R. CIV. P. 15(a). The magistrate judge and the district court, however, did consider all of the claims raised in the amended complaint that Boettner sought to file. As Boettner has not shown how the result of his case could have been different if his motion to amend had been granted, any error in the magistrate judge's denial of that motion was harmless. *See Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1114 (5th Cir. 1990). The record belies Boettner's assertion that the magistrate judge altered or omitted some of his claims.

As Boettner did not file a Step 1 grievance regarding his claims against Chastain and Dr. Raimer, the district court did not err by dismissing those claims for failure to exhaust administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Because Boettner argues for the first time on appeal that he was not required to name Chastain or Dr. Raimer in his grievances and that he could not file grievances against them because they were UTMB employees, we review these issues for plain error only. *See Tilmon v. Prator*, 368 F.3d 521, 524 (5th Cir. 2004). As these arguments involve factual questions that could have been resolved if he had raised them in the district court, any error committed by the district court cannot have met the standard for plain error. *See Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

The district court did not err by dismissing Boettner's claim against Dr. Cannon for threatening him because threats made against inmates by prison officials do not amount to constitutional violations. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Because Boettner has not shown the existence of exceptional circumstances, the district court did not clearly abuse its discretion by not appointing him counsel for pre-trial matters. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Boettner argues for the first time on appeal that the district court judge should have recused himself. Thus, Boettner failed to present his disqualification argument at a reasonable time in the

litigation. *See Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 216 (5th Cir. 1998). Furthermore, as Boettner's recusal argument is based solely on rulings that the district court judge did or did not make, he has not shown that recusal was necessary. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Boettner's deliberate indifference claim against Dr. Cannon was based upon his allegation that Dr. Cannon did not provide him with the treatment that he requested. Boettner's disagreement with the treatment that Dr. Cannon offered him, however, was insufficient to state a claim for deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Varnado* v. Lynaugh, 920 F.2d 320, 321(5th Cir. 1991). Boettner did not allege facts showing that Dr. Cannon had a "wanton disregard" for his dental needs. *See Domino v. Texas Dep't. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Accordingly, the district court did not abuse its discretion by finding that Boettner's claim did not have an arguable basis in law and was frivolous, nor did the district court err by granting Dr. Cannon's motion for summary judgment. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). Boettner's collateral attack on the dismissals of his complaint and appeal in *Boettner v. Kirkwood*, No. 00-41454 (5th Cir. July 24, 2001) (unpublished), is barred by the doctrine of *res judicata*. *See Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983).

Boettner's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, it is DISMISSED. *See* 5TH CIR. R. 42.2. Both the district court's dismissal of the complaint and our dismissal of the instant appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Boettner has also acquired at least two other strikes. *See Boettner v. Kirkwood*, No. 00-41454 (5th Cir. July 24, 2001) (unpublished). Boettner has now accumulated more than three strikes under 28 U.S.C. § 1915(g), and he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED; ALL OUTSTANDING MOTIONS DENIED.