# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2010

No. 09-50435
Summary Calendar

Charles R. Fulbruge III
Clerk

AUDREY S WAGSTAFF,

Plaintiff-Appellant

v.

THE UNITED STATES DEPARTMENT OF EDUCATION,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-923

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Audrey Wagstaff filed a complaint against the United States Department of Education (DOE) in Texas state court alleging various claims stemming from the DOE's attempts at and methods of collecting on allegedly outstanding student loans owed by Wagstaff.  The DOE removed the case to federal court because the complaint alleged, inter alia, a violation of the Fair Debt Collection Practices Act (FDCPA).  Wagstaff had previously filed a federal complaint challenging the DOE's attempts at and methods of collecting on student loans

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegedly owed by Wagstaff. *See Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 662-64 (5th Cir. 2007). One of the grounds upon which Wagstaff's prior complaint was dismissed was a lack of subject matter jurisdiction because nothing in the FDCPA waived the DOE's sovereign immunity from suit. *Id*. at 664-65. The district court dismissed Wagstaff's instant complaint as barred by the principle of res judicata. The district court also denied Wagstaff leave to proceed in forma pauperis after certifying that her appeal was not taken in good faith.

Wagstaff now moves this court for leave to proceed IFP on appeal. By doing so, Wagstaff is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A movant seeking leave to proceed IFP on appeal must show that she is a pauper and that the appeal presents nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Wagstaff arguably has shown that she is economically eligible to proceed IFP. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

A review of the record in this case reveals that the named parties in both complaints, Wagstaff and the DOE, are identical. The district court was competent to consider Wagstaff's first complaint, which was filed pursuant to the FDCPA. *See* 28 U.S.C. § 1331; 15 U.S.C. §§ 1692, 1692k(d). To the extent that Wagstaff's claims were dismissed for lack of subject matter jurisdiction, there was no final decision on the merits of those claims. *Darlak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir. 1987). However, that dismissal was a final decision regarding the lack of the district court's power to act on those claims. *Id*. Also, the district court did make alternative final decisions as to the merits of Wagstaff's claims. Finally, both of Wagstaff's complaints stem from the DOE's

2

attempts at and methods of collecting Wagstaff's outstanding student loans. Thus, both complaints involve the same cause of action. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In light of the foregoing, the district court properly found that Wagstaff's instant complaint is barred by res judicata. *See id.*

Wagstaff has not shown that her appeal will raise nonfrivolous issues regarding the district court's dismissal of her complaint as barred by res judicata. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Wagstaff's IFP motion is DENIED. *See Howard*, 707 F.2d at 219-20. Her appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.