Diana G. OFFORD, as Guardian of the Estate of Winter Gordon, Sr., and Representing the Interests of the Heirs of Winter Gordon, Sr. and All Others Similarly Situated, Plaintiff–Appellant

v.

Nat PARKER; Sylvester Parker, also known as Seal Parker; Russell Jones; Jack Castle; Loretta Castle; Lisa Castle Donnell; Judge Ben W. Childers, Individual Capacity; W.T. Management G.P., L.L.C.; West Houston Trees, Limited, doing business as West Houston Trees, L.L.P.; West Houston Trees, L.L.P.; Deputy Constable Robert Barnwell, Defendants–Appellees.

No. 11–20086
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2012.

---

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

Russell C. Jones, Attorney, Holoway Jones Law Firm, P.L.L.C., Sugar Land, TX, Allison Virginia Eberhart, Maria Jimena Rivera, Office of the Attorney General, Austin, TX, Randall Weaver Morse, Assistant County Attorney, Richmond, TX, for Defendants–Appellees.

Russell Jones, pro se.

Diogu Kalu Diogu, II, Diogu Law Firm, Houston, TX, for Plaintiff–Appellant.

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

Plaintiff Offord initiated this action, alleging various causes of action arising out of a property dispute,[1] including violations of 42 U.S.C. §§ 1983 and 1985(3). Specifically, the plaintiff claims that the judgment against her father in a prior lawsuit was the result of a conspiracy between the defendants and the state court judge who presided over the state court case. The district court referred the case to the magistrate judge to conduct all further proceedings in the case.

On November 16, 2009, the magistrate judge recommended that the district court grant the defendants' motions to dismiss, finding that the plaintiff's conspiracy claims under 42 U.S.C. §§ 1983 and 1985(3) failed because the plaintiff failed to allege specific facts to show an agreement between the defendants and a state actor

---

1. Plaintiff Offord's father, Winter Gordon, Sr., previously filed a state court action against the defendants. Gordon, Sr. failed to appear and judgment was entered against him. Subsequently, Gordon, Sr. passed away. Thereafter, Plaintiff Offord sought to set aside the judgment. The First Court of Appeals for Texas affirmed the judgment and the Texas Supreme Court denied rehearing.

to deprive plaintiff's deceased father of his constitutional rights under color of state law. The district court adopted the magistrate judge's recommendation and entered final judgment against the plaintiff.

On December 29, 2009, the plaintiff filed a motion for leave to amend the complaint and later sought to vacate the final judgment. The district court granted plaintiff's motion to vacate the final judgment and referred the motion for leave to amend the complaint to the magistrate judge. In the magistrate judge's second memorandum and recommendation, the magistrate judge denied the plaintiff's motion for leave to amend the complaint, finding that the plaintiff had failed to state a claim against the defendants.

On August 13, 2010, the district court adopted the recommendation of the magistrate judge and entered final judgment against the plaintiff. According to the district court's final judgment, the prevailing defendants were awarded all recoverable costs. Pursuant to 42 U.S.C. § 1988(b), the defendants filed their motion for attorney's fees in the amount of $25,797, and costs in the amount of $288.18.

Section 1988 allows district courts, in their discretion, to award fees to the prevailing party for actions brought under 42 U.S.C. §§ 1983 and 1985. *See* 42 U.S.C. § 1988(b). While prevailing plaintiffs are usually entitled to such fees, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir.2009) (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir.1998)). Therefore, we review the district court's decision for abuse of discretion. *Id.* at 1052.

In determining whether the prevailing defendants are entitled to attorney's fees, we have set forth three factors for a trial court to consider: (1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of West Monroe*, 211 F.3d 289 (5th Cir.2000). In making these determinations, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Instead, a court must ask whether " 'the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.' " *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir.2008).

After reviewing the record, it is clear that the district court did not abuse its discretion in awarding attorney's fees to the prevailing defendants. According to the magistrate judge's memorandum and recommendation on attorney's fees,[2]

the court found that Plaintiffs' allegations concerning what they denominated as the "First Transaction," that is, those causes of action arising from the court's entry of a default judgment against Gordon Sr., were barred by res judicata. That these claims were barred by res judicata was clearly known to Plaintiffs because, prior to filing this lawsuit, they filed a state court proceeding attacking the validity of the earlier judgment. Relitigating a claim that has been barred by res judicata is frivolous. *See*

---

**2.** The district court adopted the magistrate judge's second memorandum and recommen-

dation.

*Wagstaff v. U.S. Dep't of Educ.*, 366 Fed.Appx. 564, 566 (5th Cir.2010) (unpublished) (appeal of dismissal based on res judicata grounds was "without arguable merit and is thus frivolous"); *Boettner v. Raimer*, 122 Fed.Appx. 711, 714 (5th Cir.2004) (unpublished) (same).

Similarly, the Fifth Circuit has held that a lawsuit is frivolous or malicious under 28 U.S.C. § 1915(e) if it duplicates allegations made in another pending federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir.1993). Thus, in addition to the fact that claims involving the First Transaction were clearly barred by res judicata, the court deems the simultaneous prosecutions of a bill of review in state court and the claims in this suit to vacate the state court judgment on identical grounds to be frivolous and unreasonable.

With respect to Plaintiffs' claims arising from the Second Transaction, that is, the judicial sale of Gordon Sr.'s property, the court found that Plaintiffs had failed to state a claim against the Private Defendants for either participating in a conspiracy with state actors to violate Gordon Sr.'s constitutional rights under Section 1983 or to violate Gordon Sr.'s rights or privileges on the basis of his race under Section 1985(3). As set out in more detail in the court's Memorandum and Recommendation, Plaintiff failed to assert anything other than conclusory allegations of a conspiracy involving the Private Defendants in their proposed amended complaint. The absence of any facts supporting the existence of a conspiracy is sufficient to support a finding that Plaintiffs have failed to establish a prima facie case on their federal claims. *See Butler v. Rapides Found.*, 365 F.Supp.2d 787, 793–94 (W.D.La.2005) (fee award appropriate where plaintiff failed to establish a pri-

ma facie case); *Strain v. Kaufman Cnty. Dist. Attorney's Office*, 23 F.Supp.2d 698, 700 (N.D.Tex.1998) (awarding fees where plaintiff was unable to show any basis for a claim of a conspiracy between state and private actors in violation of Section 1983).

Turning to the second factor, there is no evidence that the Private Defendants engaged in settlement negotiations with Plaintiffs. Regarding the third factor, it is undisputed that the claims against the Private Defendants were dismissed without a trial.

In light of the foregoing, the court recommends a finding that all factors establishing a frivolous case have been met.

Additionally, the magistrate judge determined whether the fee request was reasonable. In determining the reasonableness of the request for attorney's fees, the magistrate judge calculated a "lodestar" fee by multiplying the reasonable number of hours expended by the attorney's reasonable hourly rate. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Based on this calculation, the magistrate judge determined that the amount of attorney's fees totaled $25,497.

Moreover, despite the plaintiff's and defendants' failure to argue for a downward or upward adjustment of attorney's fees, the magistrate judge proceeded with this determination based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir.1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). The magistrate judge found "that Plaintiffs have made scurrilous accusations without a factual basis," and that the "Private Defendants expended considerable sums reasonably defending themselves against frivolous allegations." Therefore, the

magistrate judge recommended that no adjustment be made to the award of attorney's fees.

Following our precedent, the magistrate judge properly applied the three-factor test for determining whether the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.,* 434 U.S. at 421, 98 S.Ct. 694. Accordingly, the magistrate judge recommended that the district court award attorney's fees in the amount of $25,497 and costs in the amount of $288.15. The district court agreed, adopted the magistrate judge's memorandum and recommendation, and entered final judgment against the plaintiff.

Although the plaintiff raises a multitude of issues, we find all of them to be without merit. Therefore, the district court did not abuse its discretion in awarding the prevailing defendants attorney's fees.

**AFFIRMED.**

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.