# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2021

Lyle W. Cayce
Clerk

No. 20-20445

DIANA GORDON OFFORD,

*Plaintiff—Appellant*,

*versus*

CITY OF FULSHEAR,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2386

Before HIGGINBOTHAM, STEWART, and WILSON, *Circuit Judges*.

PER CURIAM:*

Diana Offord, a 67-year old black woman, filed suit against her employer, the city of Fulshear, Texas ("the City"), alleging claims of discrimination on account of her race and age. *See* 42 U.S.C. § 2000e, *et seq*; 29 U.S.C. § 621, *et seq*. The district court granted summary judgment in favor of the City. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20445

## I. Factual & Procedural Background

Offord began working in the position of City Secretary in May 2006. Offord was hired as an "at-will" employee meaning that either party could terminate the employment relationship at any time, with or without cause. She was generally supervised by the mayor, the city council, and the planning commission. James Roberts was serving as mayor when Offord was hired, and Tommy Kuykendall was elected as mayor in 2010. C.J. Snipes served as city manager during most of the time Offord worked for the City. He was replaced by Kenny Seymour in 2018. In March 2018, Seymour terminated Offord's employment on grounds that she had violated the City's employment policies against "misrepresentation or lying to a . . . member of the public" to the potential detriment of the City and for violating various "laws relating to dishonest activities or fraud."

The City cited these reasons because it had discovered that, in another case culminating around early 2018,[1] Offord's current counsel, Diogu Kalu Diogu, had filed an invalid deed in the Fort Bend County real property records. The deed falsely claimed ownership of an easement on property that Diogu controlled when, in actuality, the City rightfully owned the easement. In litigating that case, the city attorney researched the chain of title to the easement and, during that process, learned that a sanctions motion and order existed against Offord in a 2012 probate case where she was represented by Diogu.

The facts underlying the sanctions order are as follows. In a 2003 property dispute case, Offord's father, Winter Gordon, Sr., had filed a state court action against West Houston Trees, Ltd. ("West Houston") and other

---

[1] *City of Fulshear v. Advanced Tech. Transfer & Intell. Prop. Grp., LLC*, No. 18-DCV-250347, 2019 Tex. Dist. LEXIS 6372 (Tex. Dist. Ct. Apr. 15, 2019).

2

defendants, but failed to appear so a default judgment of approximately $80,000 was entered against him. *See Offord v. Parker*, No. 09-CV-1823, 2010 WL 11646790, at *1 (S.D. Tex. Oct. 4, 2010). He then passed away and Offord sought to set aside the judgment in state court but was unsuccessful. So, she filed a federal court suit alleging that the defendants in her father's property dispute case had conspired with the state court to deprive her father of his civil rights. *Id.* The defendants moved to dismiss, and the district court issued a judgment in their favor on grounds that Offord had failed to state a valid claim. It awarded them all recoverable costs including over $25,000 in attorney's fees. *Offord v. Parker*, No. 09-CV-1823, 2010 WL 11646791, at *2 (S.D. Tex. Nov. 18, 2010). Offord appealed, and this court affirmed the district court's award of costs to the prevailing defendants, the property dispute debtors, on the basis that Offord's federal race discrimination suit against them was frivolous. *See Offord v. Parker*, 456 F. App'x 472, 476 (5th Cir. 2012) ("Although the plaintiff raises a multitude of issues, we find all of them to be without merit. Therefore, the district court did not abuse its discretion in awarding the prevailing defendants attorney's fees.").

Returning to the 2012 probate case, because Offord failed to disclose the still-valid judgment that had been entered against her father in the property dispute case, West Houston filed a sanctions motion against Offord for lying under oath. In June 2013, the probate court concluded that Offord had misrepresented her deceased father's assets and debts in her sworn application for a determination of heirship and imposed a sanction of $25,000 and $10,000 in attorney's fees against Offord and Diogu.[2] The discovery of this sanctions order precipitated the City's decision to terminate Offord's

---

[2] The probate court subsequently granted West Houston's motion to sever its claims on the sanction award from the probate case resulting in the creation of a new state case between West Houston and Offord, who was again represented by Diogu.

No. 20-20445

employment in March 2018. The city council unanimously approved the termination approximately one week later.

In July 2018, Offord filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In the charge, Offord alleged in part that her "termination was pretextual" because: (1) Finance Director Kristina Brashear, a white female, had filed a housing loan application with salary information that conflicted with her W-2 but was never investigated, (2) Offord had been temporarily reassigned to a smaller office, and (3) two white female employees had been caught stealing and were privately fired while Offord's termination was handled during a special meeting of the city council. She later amended the charge to include that she was replaced by a younger white woman after she was fired.

After receiving a notice of right to sue letter from the EEOC, Offord filed suit against the City in federal district court. In her complaint, Offord alleged that she was discriminated against on account of her race and age, wrongfully terminated, and subjected to a hostile work environment. She sought remedies under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and Texas tort law.

In April 2020, the City moved for summary judgment on all of Offord's claims. She did not respond to the City's motion. The district court denied her subsequent motion seeking leave to file an untimely response. In July 2020, the district court granted the City's summary judgment motion and dismissed Offord's suit. In its Opinion on Summary Judgment, the district court noted that Offord had referred to three instances of harassment during her employment with the City: (1) in 2010, she found cash and a check in her desk drawer that she assumed someone had planted to frame her for stealing; (2) in 2011, she and several other employees were emailed obscene

photographs from a co-worker; and (3) in 2014, she was temporarily moved to a smaller office.

The district court observed that Offord's original charge to the EEOC only referenced her March 2018 termination and her 2014 office reassignment. It determined that Offord's complaint regarding her temporary office relocation was time-barred and also fully remedied because she was returned to her old office after she complained. The district court then observed that the City's legitimate, non-discriminatory reason for firing Offord was because she lied under oath in the probate case; it disagreed with her argument that her communications in that case were privileged under Texas law. The district court explained that her hostile work environment claim failed because none of the three incidents she cited as evidence of harassment qualified as either hostile or discriminatory acts and they were all time-barred as well. As to Offord's tort claims, the district court held that the City had governmental immunity and even if it did not, her claims failed on the merits. The district court concluded that Offord would "take nothing from the City of Fulshear."

This appeal ensued. After Offord filed her opening brief, the City filed a motion for costs, attorney's fees, and sanctions against her counsel, Diogu, on grounds that he breached the applicable rules of professional conduct and filed a frivolous appeal. A panel of this court carried the City's motion with the case.

## II. Standard of Review

"We review a grant of summary judgment de novo." *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing Fed. R. Civ. P. 56(a)). A dispute regarding a material fact is "genuine" if the

No. 20-20445

evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[U]nsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

## III. Discussion

Offord argues that the district court erred in finding that the City did not discriminate against her in terminating her employment because its proffered reason for doing so was pretextual. She further contends that she presented sufficient evidence that she was treated less favorably than a similarly situated younger white employee. Finally, she asserts that the district court erred in concluding that her communications during the probate suit were not privileged. We are unpersuaded by these arguments.

### A. Discrimination

If a plaintiff has exhausted her administrative remedies, she may advance a claim of intentional discrimination using direct or circumstantial evidence. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). When circumstantial evidence is presented, the *McDonnell Douglas* burden-shifting framework applies. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). We apply this evidentiary procedure in the contexts of both race and age discrimination. *Id.* at 556–57; *Salazar v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 388–89 (5th Cir. 2020) ("[U]nder the [Age Discrimination in Employment Act of 1967], the plaintiff has the burden of showing that her age was the but-for cause of her employer's adverse action [] and she may satisfy this burden with circumstantial evidence . . . . When she presents circumstantial evidence, the *McDonnell Douglas* framework applies." (internal citations omitted)); *see also* 29 U.S.C. § 621, *et seq.*

No. 20-20445

Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of discrimination, which requires a showing that she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 556. "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory . . . reason for its employment action." *Id.* at 557. We have clarified that "[t]he employer's burden is only one of production, not persuasion, and involves no credibility assessment." *Id.* If the employer is able to meet its burden of production, the burden shifts back to the plaintiff to prove that the employer's proffered reason is not true but instead is a pretext for the real discriminatory purpose. *Id.* "To carry this burden, the plaintiff must rebut each nondiscriminatory . . . reason articulated by the employer," *id.*, using "substantial evidence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

Offord has not advanced direct evidence of discrimination, so the *McDonnell Douglas* framework pertaining to circumstantial evidence of discrimination applies. The City does not dispute that Offord has presented a prima facie case of discrimination since she was replaced by a younger, white employee. Because Offord has made a prima facie case of race and age discrimination, the burden shifts to the City to proffer a legitimate, nondiscriminatory reason for firing her. *McCoy*, 492 F.3d at 557. The City's proffered reason for Offord's termination is her violation of its employment policies relating to dishonest activities and fraud. In other words, she was fired because she lied under oath in a prior judicial proceeding—the 2012 probate case. Since the City has met its burden of production by proffering a

legitimate, nondiscriminatory reason for Offord's termination, the burden now shifts back to her to rebut this reason as pretextual. *Id.*

Offord can establish pretext in one of two ways. *See Laxton*, 333 F.3d at 578. She can either show that the City's explanation for her termination is false or "unworthy of credence," or she can produce evidence of disparate treatment. *Id.* (citation omitted). She has done neither.

Though not entirely clear, Offord's argument appears to be that the City's proffered reason for firing her was pretextual because the sanctions order purportedly justifying her termination was invalid. Specifically, she argues that there is "nothing on the face of the sanction [o]rder that showed [that she] was adjudicated to have committed a deliberate falsehood under oath in a civil proceeding and sanctioned for it and for committing perjury in a civil judicial proceeding." She continues that "[the City] concocted that statement, and the [d]istrict [c]ourt agreed."

The record does not support this argument. The sanctions order states that "the Court finds good cause exists to sanction [Offord] and [Diogu] for the reasons stated in [West Houston's] Motion for Sanctions." The sanctions motion describes Offord's false representations that her father (1) owned property that West Houston actually owned and (2) did not have outstanding debts to West Houston resulting from the default judgment issued against him in the property dispute case when he actually did. The sanctions order specifies that Offord and Diogu are sanctioned "for violating Rules 13, 21, 21a and 21b of the Texas Rules of Civil Procedure and [the Texas

No. 20-20445

Civil Practice & Remedies Code §] 10.001[.]"[3] The City cited to this sanction order and the referenced motion for sanctions numerous times in the process of terminating Offord, when litigating the case against her in the district court, and on appeal before this court. It did not "concoct" the evidence of Offord's perjured testimony, and the district court fully agreed with the City's position that it fired her for lying under oath. Offord has failed to produce substantial evidence that the City's proffered reason for firing her was unworthy of credence. *See Laxton*, 333 F.3d at 578.

Furthermore, Offord's attempt to show disparate treatment is equally unpersuasive. She first claims that the City took no action against Kristina Brashear, the finance director whose loan application listed income amounts that did not match her W-2s. Offord failed to produce any evidence to support her theories about Brashear or explain how Brashear's mortgage loan application is somehow relevant to Offord's claim that she was fired on account of her race and age. The City has nevertheless produced a valid explanation for the income discrepancies—another employee mistakenly reported Brashear's gross income instead of her net income to the mortgage company resulting in an income discrepancy between the loan application and the W-2. Offord's attempt to craft this unrelated event into some form of disparate treatment falls flat.

---

[3] Offord's argument that the sanctions order is defective because it fails to specify the grounds for imposing the sanction is equally meritless. The order states that the sanction is being issued for violations of specific procedural and practice rules. It also references the reasons stated in the sanctions motion regarding Offord's perjured testimony in the probate case. Further, as the City points out, Offord never appealed the sanctions order, which is now final. *See Offord v. West Hous. Trees, Ltd.*, No. 14-16-00532, 2018 WL 1866044 (Tex. App.—Houston [14th Dist.] Apr. 19, 2018, no pet.). Consequently, she cannot now attempt to challenge its validity.

Offord also argues that several employees of the City were fired quietly, while she was fired publicly during a city council meeting. Again, not only does she fail to explain how this is somehow discriminatory activity, she fails to acknowledge that the City offered her an opportunity to privately resign but she refused to do so. The City has again provided a legitimate reason for its actions—because Offord refused to privately resign, the city council was required to approve her termination and could only do so by voting in a public meeting.

Finally, Offord alleges that a code enforcement officer issued tickets in violation of state law but was not disciplined. Again, she fails to provide any evidence at all in support of this empty allegation, and the record likewise contains none.

In sum, Offord has failed to produce substantial evidence that the City's proffered reason for firing her was pretextual. *See McCoy*, 492 F.3d at 557.[4]

*B. Privileged Communications*

Offord contends that the district court erred in concluding that the City's decision to fire her was not discriminatory because Texas law recognizes absolute immunity from defamation claims or other claims based on privileged communications in a judicial proceeding. This argument is unavailing.

---

[4] With regard to Offord's statements that she found money in her desk drawer and that she was temporarily moved to a smaller office, she has waived any potential hostile work environment claims related to these issues due to lack of adequate briefing on appeal. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument."). For the same reason, she has waived any potential argument on appeal regarding wrongful discharge under Texas tort law. *Id.*

Under Texas law, the privilege applies in the context of protecting a witness who testifies in a prior proceeding from being held liable in tort for that same testimony in a subsequent lawsuit. *Laub v. Pesikoff*, 979 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The purpose of the privilege is to encourage "full and free disclosure from witnesses unhampered by fear of retaliatory lawsuits." *Id.*

The Texas Supreme Court has acknowledged that "[w]hile abuse of the absolute privilege is possible, it is limited because the speaker will generally still be subject to the risk of criminal prosecution for perjury or obstruction of justice." *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 655 (Tex. 2015). In other words, the privilege likely would not apply here since Offord committed perjury in the prior proceeding. *See* Tex. Penal Code § 37.02(a)(1) ("A person commits an offense if, with intent to deceive . . . he makes a false statement under oath[.]"). Furthermore, she has failed to provide any legal authority in support of her argument that perjured testimony is privileged under Texas law.

Even assuming her statements were privileged, Offord is not entitled to invoke the privilege within this context. Here, the City did not file a retaliatory lawsuit against Offord after it discovered that she lied under oath in the probate case, nor does the record reflect that it considered filing one. *See Shell*, 464 S.W.3d at 655 ("The fact that a formal proceeding does not eventually occur will not cause a communication to lose its absolutely privileged status; however, it remains that the possibility of a proceeding must have been a serious consideration at the time the communication was made."). The City terminated Offord's employment on grounds that her prior perjured testimony constituted a violation of its internal employment policies relating to dishonest activities and fraud. Because Offord was hired as an at-will employee, the City was within its discretion to fire her for this reason.

No. 20-20445

In short, terminating Offord because she made false misrepresentations during the 2012 probate suit was not discriminatory.

*C. The City's Motion for Sanctions*

Finally, pending before this court is the City's previously filed motion for sanctions against Offord's attorney, Diogu, including appellate costs and attorney's fees. The City does not seek sanctions against Offord individually.

Diogu has responded to the City's motion arguing that it is premature because at the time it was filed, this court had not yet ruled on the merits of Offord's appeal. Offord submitted an affidavit in support of Diogu's response clarifying that she fully supported the filing of this appeal and was not persuaded by Diogu to file a purportedly frivolous appeal, as the City suggests. Offord expresses in her affidavit that the City is attempting to "create a wedge" between herself and Diogu by filing for sanctions against him alone.

"Federal Rule of Appellate Procedure 38 confers broad discretion on federal courts of appeals to award sanctions in any appeal the court determines to be 'frivolous.'" *Sun Coast Res., Inc. v. Conrad*, 958 F.3d 396, 398 (5th Cir. 2020) (citing Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.")). "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit[.]" *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). However, we have acknowledged that Rule 38 sanctions are best applied in matters involving malice, as opposed to incompetence. *Sun Coast*, 985 F.3d at 398.

We have observed that Offord has advanced numerous meritless arguments and that, in some contexts, she has misconstrued and misapplied the applicable law. But the arguments that she advances on appeal, although

12

No. 20-20445

often disorganized, confusing, and unpersuasive, do not rise to the level of malice. If anything is apparent from Offord's affidavit, it is that she emphatically supports the allegations of discrimination that Diogu has advanced on her behalf. That said, we warn Offord and Diogu against future unnecessary filings or bad faith tactics of any kind in this court.

We exercise our discretion not to grant sanctions under Rule 38 in this particular instance.[5] The City's motion is denied.

## IV. Conclusion

For the forgoing reasons, the district court's summary judgment in favor of the City is AFFIRMED. The City's motion for sanctions against Diogu is DENIED.

---

[5] However, because this court has affirmed the district court's judgment, costs are taxed to Offord pursuant to Rule 39(a)(2). *See* Fed R. App. P. 39(a)(2).