# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2007

Charles R. Fulbruge III
Clerk

No. 07-50327

AUDREY S. WAGSTAFF

Plaintiff-Appellant

v.

UNITED STATES DEPARTMENT OF EDUCATION

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:

The primary issue in this case is whether Congress waived the sovereign immunity of the United States by enacting the Fair Debt Collection Practices Act. We hold it did not and affirm the decision of the district court dismissing this case for lack of subject matter jurisdiction.

## I. BACKGROUND FACTS

Between 1991 and 1993, Audrey Wagstaff, Appellant, took out student loans to attend Our Lady of the Lake University in San Antonio, Texas, signing six promissory notes payable to various lenders. In May 1993, she graduated from Our Lady of the Lake University and has since been gainfully employed. Nonetheless, she has never made a single voluntary payment on her student

loan debt, as the only payments have been by Treasury offsets in 1995, 1999, 2005, and 2006, and by administrative wage garnishment beginning in November 2005.

The Texas Guaranteed Student Loan Corporation ("TGSLC") guaranteed the student loans, which the Department of Education (the "DOE") reinsured using federal funds. Upon default, TGSLC paid the underlying claims to the various lenders, was reimbursed by the DOE, and assigned its rights and title to the DOE for collection purposes. On August 30, 1999, after unsuccessfully attempting to collect on the debt, the DOE filed suit in federal court seeking judgment on the unpaid student loans. For the first time, Appellant raised the issue of whether all six notes were valid. The DOE asked the U.S. Attorney's Office to dismiss the suit so that it could investigate Appellant's claims. The case was dismissed without prejudice.

Upon investigation, the DOE determined that all six notes were valid. In 2004, it resumed its efforts to collect the debt administratively by offsetting Appellant's tax refunds in 2005 and 2006. On November 11, 2004, Appellant sought an untimely request for review. On April 25, 2005, she sought a complete accounting of her student loan debt, which the DOE provided on May 3, 2005. On July 18, 2005, she sent the DOE two letters complaining about the tax refund offset, various collection methods, and the proposed garnishment of her wages. The DOE construed the letter as a request for a garnishment hearing. On September 13, 2005, the DOE upheld the garnishment of Appellant's wages.

On January 5, 2005, Appellant filed suit in federal court alleging a claim under the Fair Debt Collection Practices Act. The DOE filed a motion to dismiss, or in the alternative, for summary judgment. In granting the motion, the district court held that it lacked subject matter jurisdiction. It further found that to the extent that Appellant alleged a tort claim, she had not exhausted her administrative remedies. Finally, the district court concluded that Appellant

failed to raise a genuine issue of material fact as to any of her claims and that the DOE was entitled to judgment as a matter of law. Appellant filed this timely notice of appeal.

## II. LEGAL STANDARDS

In our de novo review of a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, "we apply the same standard as does the district court: '[A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief.'" Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003) (quoting Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992)) (alteration in original).

## III. ANALYSIS

The Fair Debt Collection Practices Act (the "FDCPA"), a sub-chapter of the Consumer Credit Protection Act, is intended to protect both debtors and non-debtors from misleading and abusive debt-collection practices. See 15 U.S.C. § 1692(e). The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. See 15 U.S.C. § 1692k(a). The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6). The FDCPA specifically excludes from that definition "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." See 15 U.S.C. § 1692a(6)(C).

This issue of whether Congress waived the sovereign immunity of the United States by enacting the FDCPA is one of first impression for this court.[1] "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." Lewis v. Hunt, 492 F.3d 565, 570 (5th Cir. 2007). "'A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied.'" Id. (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). "'Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.'" Id. (quoting Lane, 518 U.S. at 192). "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text." Lane, 518 U.S. at 192. "Absent a waiver of sovereign immunity, the federal government is immune from suit." Lewis, 492 F.3d at 571 (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988)). Finally, "[t]he absence of such a waiver is a jurisdictional defect." Id.; see also Bodin v. Vagshenian, 462 F.3d 481, 484 (5th Cir. 2006) (holding that a lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction").

Here, Appellant is unable to cite a single provision in the FDCPA unequivocally and expressly waiving the Federal Government's sovereign immunity. Instead, she argues that the DOE waived its own sovereign

---

[1] At least three district courts -- albeit in unpublished opinions -- have concluded that the DOE cannot be sued under the FDCPA, though none expressly addressed the issue of whether the FDCPA contains a waiver of sovereign immunity. See DiNello v. USDE, No. 06-C-2763, 2006 WL 3783010, *1 n.2 (N.D. Ill. Dec. 21, 2006) (holding that DOE is not a debt collector under FDCPA, "which is a requirement both for a violation of § 1692e and for liability under the Act"); Frew v. Van Ru Credit Corp., Case No. 05-5297, 2006 WL 2261624, *3 (E.D. Pa. Aug. 7, 2006) ("The Court finds that Defendant Department of Education does not meet the definition of a debt collector under the FDCPA because: (1) the collection of debts is not the primary purpose of the Department of Education, and (2) the debts the Department of Education collects are its own, not those due to a third party."); Burgess v. USDE, Case No. 1:05-CV-98, 2006 WL 1047064, *5 (D. Vt. Apr. 17, 2006) ("It is clear, however, that an action under the FDCPA cannot be brought against the [DOE].").

immunity by acting through a third party to collect on her student loan debt, filing suit in 1999 to enforce judgment on her debt, and informing her that she had a right to bring suit in federal court to seek review of the decision to garnish her wages. We reject these arguments based on the longstanding principle that only Congress can waive an executive agency's sovereign immunity. See Drake v. Panama Canal Com., 907 F.2d 532, 534 (5th Cir. 1990); see also Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 734 (1982); Dahler v. United States, 473 F.3d 769, 771 (7th Cir. 2007); Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1090 (9th Cir. 2007). Otherwise, because the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction in this case.[2]

## IV. CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

AFFIRMED.

---

[2] To the extent that Appellant argues that her rights under the Fifth, Ninth, and Fourteenth Amendments have been violated, she does so for the first time on appeal. "It is well settled that we do not consider issues raised for the first time on appeal." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 n.3 (5th Cir. 2007) (citing Elvis Presley Enters. v. Capece, 141 F.3d 188, 193 n.2 (5th Cir. 1998)).