Scott LITTLE, Plaintiff,

v.

TENNESSEE STUDENT ASSISTANCE CORPORATION, Act, Inc., R & B Receivables Management, Inc., Sallie Mae Servicing, a/k/a Sallie Mae Trust, a/k/a Sallie Mae, and Education Debt Services, Inc., Defendants.

No. 07–2733.

United States District Court,
W.D. Tennessee,
Western Division.

March 21, 2008.

943

William A. Cohn, The Cohn Law Firm, Cordova, TN, for Plaintiff.

Juan Gonzalo Villasenor, State Attorney General's Office, Nashville, TN, Richard Everett Collins, II, Ogletree Deakins Nash Smoak & Stewart P.C., Memphis, TN, for Defendants.

ORDER GRANTING TENNESSEE STUDENT ASSISTANCE CORPORATION'S MOTION TO DISMISS

BERNICE B. DONALD, District Judge.

Before the Court is Defendant Tennessee Student Assistance Corporation's ("TSAC") Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (D.E. # 8.) TSAC contends that sovereign immunity bars Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f ("FDCPA"). Plaintiff responds that TSAC is not a state entity but is a private corporation. For the reasons set forth herein, TSAC's Motion to Dismiss is GRANTED.

■ Under Rule 12 of the Federal Rules of Civil Procedure, a party may assert the defense of lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Such a motion challenges whether the district court has authority or competence to hear and decide the issue of whether an FDCPA violation occurred. 5B Wright & Miller Federal Practice & Procedure: Civil 3d § 1350. When the doctrine of sovereign immunity is invoked as a defense, the court should treat this as an allegation of lack of subject-matter jurisdiction. *Angel v. Kentucky,* 314 F.3d 262, 265 (6th Cir. 2002); *Wilson–Jones v. Caviness,* 99 F.3d.203, 206 (6th Cir.1996).

■ The Eleventh Amendment to the United States Constitution provides sovereign immunity to states from suits brought by individuals. U.S. Const. amend. XI. Congress may, however, abrogate such immunity if it makes its intention unmistakably clear in the language of a statute. *Dellmuth v. Muth,* 491 U.S. 223, 230, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989). Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect

or attempt to collect any debt." 15 U.S.C. § 1692f. However, the FDCPA explicitly states that the term "debt collector" does not apply to "any officer or employee of ... any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." *Id.* § 1692a(6)(C). The United States Supreme Court has previously considered litigation and determined that TSAC was a "state entity." *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004). At least one U.S. Court of Appeals and one U.S. District Court have determined that the FDCPA does not contain an express and unequivocal waiver of sovereign immunity. *Wagstaff v. U.S. Dep't. of Educ.,* 509 F.3d 661 (5th Cir.2007); *see also Sorrell v. Illinois Student Assistance Commission,* 314 F.Supp.2d 813, 816 (C.D.Ill.2004).

▉ Upon our review, the Court finds that the FDCPA does not contain an express waiver of a state's sovereign immunity. On the contrary, the express language of the FDCPA exempts states from its provisions. Furthermore, in accordance with *Hood,* the Court finds that TSAC is a state entity. Therefore, TSAC has sovereign immunity from claims under the FDCPA. Accordingly, TSAC's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is dismissed.