**DLD-063**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4028
_____

CAZZIE L. WILLIAMS,
                                         Appellant

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEWARK, NEW
JERSEY; FEDERAL BUREAU OF PRISONS; UNITED STATES DEPARTMENT OF
TREASURY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-00884)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 and for Request for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
December 8, 2011
Before:  AMBRO, JORDAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 20, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Cazzie Williams appeals the District Court's order dismissing his

complaint under 28 U.S.C. § 1915(e).  We have jurisdiction pursuant to 28 U.S.C. § 1291

and exercise plenary review over the District Court's order.  <u>See</u> <u>Allah v. Seiverling</u>, 229

F.3d 220, 223 (3d Cir. 2000). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 2003, Williams pleaded guilty in the District Court to four counts of bank robbery, and the Court sentenced him to 156 months' imprisonment and ordered him to pay $105,797.85 in restitution. Williams filed a notice of appeal, but then withdrew his appeal before briefing.

Williams has since sought to attack his conviction through collateral proceedings. He first filed a motion under 28 U.S.C. § 2255; his central claim was that his plea agreement was defective and that his criminal judgment was consequently void. The District Court rejected this argument on the merits. See Williams v. United States, Civ. A. No. 08-1242, 2009 U.S. Dist. LEXIS 62725 (D.N.J. July 22, 2009). Williams subsequently filed a petition pursuant to 28 U.S.C. § 2241 advancing a similar challenge to his plea agreement; the District Court concluded that Williams's claims could be pursued only in a § 2255 motion, and thus dismissed the § 2241 petition. See Williams v. Zickefoose, Civ. A. No. 10-2953, 2010 U.S. Dist. LEXIS 139069 (D.N.J. Dec. 29, 2010).

At issue in this appeal is Williams's most-recent effort to vacate his criminal judgment. He has again argued that he was convicted based on a flawed plea agreement. Therefore, he contends, his incarceration and the restitution award are unlawful. However, he has framed this proceeding as a civil action arising exclusively under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. He seeks his release from prison and $390 billion in damages.

2

The District Court dismissed Williams's complaint, concluding that "[r]egardless of how Williams characterizes his pleading here, there is no doubt that he is actually challenging the validity of his conviction." Op. at 13. Williams then filed a timely notice of appeal.

This case requires little discussion. Absent a waiver, sovereign immunity shields the United States and its agencies — including all defendants named here — from suit. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Consent to suit "must be unequivocally expressed" in statutory text, and cannot simply be implied. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (internal quotation marks omitted). Congress did not waive the sovereign immunity of the United States in the FDCPA. See Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007).[1] Therefore, the District Court properly dismissed the complaint.

We also deny Williams's request to recover his docketing fees. Williams filed a complaint and an application to proceed in forma pauperis; 28 U.S.C. § 1915 makes clear that filing fees shall be assessed, and makes no provision for a refund of such fees. See § 1915(b)(1); cf. Porter v. Dep't of Treasury, 564 F.3d 176, 179 (3d Cir. 2009).

---

[1] There are other problems with Williams's theory. Most fundamentally, none of the defendants is a "debt collector" as defined in the FDCPA. See 15 U.S.C. § 1692a(6)(C). Moreover, to the extent that Williams's claim for prospective injunctive relief is not barred by sovereign immunity, cf. Foehl v. United States, 238 F.3d 474, 477-78 (3d Cir. 2001), the relief Williams seeks — his immediate release from prison — may be obtained only through habeas corpus proceedings. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

3

Accordingly, we will summarily affirm the District Court's judgment.[2] See 3d

Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] While the District Court occasionally used language suggesting that it had converted Williams's complaint into a habeas motion, we conclude that it ultimately (and correctly) treated the complaint as presenting a civil action under the FDCPA. Therefore, Williams does not need to obtain a certificate of appealability to prosecute this appeal.