# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2013

No. 12-10234

Lyle W. Cayce
Clerk

DORIS BUSARI-IBE,

Plaintiff-Appellant

v.

AGS-AECOM COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-625

Before BARKSDALE, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the dismissal of a Title VII of the Civil Rights Act of 1964 ("Title VII") and Americans with Disabilities Act ("ADA") complaint for failing to timely file a charge with the Equal Employment Opportunity Commission ("EEOC"). Doris Busari-Ibe ("Busari-Ibe"), a sixty-year-old African American woman, was employed as a Sams-E operator by AGS-AECOM ("AGS") in Afghanistan and Kuwait from June 2008 until she was terminated on March 30, 2010. During her employment, she alleges she was subjected to sexual

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harassment, including constant exposure to sexually explicit language and working in an office with a dartboard covered with photographs of undressed women. She complained to supervisors. As a result, she claims AGS retaliated against her by, *inter alia*, denying medical treatment for her mental disability caused by the traumatic workplace, forcing her to miss a family member's funeral in the United States, and then terminating her.

After being terminated, Busari-Ibe claims AGS continued retaliating against her by, *inter alia*, refusing to pay for her travel back home as required by her employment contract. As a result, Busari-Ibe asserts that she was forced to sneak into Dubai on the floorboard of a taxi and sell her belongings to buy a plane ticket home. It is unclear when she returned home. She also claims AGS retaliated against her after her employment ended by continuing to deny her medical treatment and refusing to return all of her personal belongings.

On January 14, 2011—290 days after her termination of employment –Busari-Ibe filed a *pro se* charge of discrimination jointly with the Arizona Attorney General's Office, Civil Rights Division, and the EEOC. In the charge, Busari-Ibe noted that the latest date on which discrimination had occurred was March 30, 2010, the date of her termination of employment. Busari-Ibe did not check the box on the charge form to indicate an alleged "continuing violation" under Title VII, though she did state that she was subjected to a hostile work environment. Since AGS is based in Texas, Busari-Ibe's charge was transferred to the Dallas District Office of the EEOC and investigated by that office.

After the EEOC issued a right-to-sue letter, Busari-Ibe filed a *pro se* lawsuit, claiming that she was denied a reasonable accommodation for her disabilities in violation of the ADA, subjected to sexual harassment in violation of Title VII, and fired in retaliation for pursuing both claims. She did not assert a hostile work environment claim. AGS filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss based on, *inter alia*, Busari-Ibe's failure to timely

No. 12-10234

exhaust her administrative remedy. In response, Busari-Ibe did not deny that she filed her EEOC charge after more than 180 days had passed.[1] Instead, she responded that her charge was timely because she received a right-to-sue letter from the EEOC. The district court granted AGS's motion to dismiss, finding that the 180-day, not the 300-day, statute of limitations applied and the issuance of the right-to-sue letter did not extend the filing period.

On appeal and now represented by counsel, Busari-Ibe does not contest the 180-day statute of limitations. Instead, she argues for the first time that the district court should have *sua sponte* tolled the statute of limitations based on equitable tolling and the continuing violations doctrine. In support of her argument she asserts that, after her termination, AGS continued to discriminate against her and expose her to a hostile work environment.

We have consistently declined to hear arguments that were not brought before the district court. *E.g., Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 664 n.2 (5th Cir. 2007); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Busari-Ibe has waived her equitable tolling and continuing violations doctrine arguments because she failed to assert the arguments before the district court. AFFIRMED.

---

[1] A Title VII claimant must file charges with the EEOC within 180 days after the alleged illegal conduct, or within 300 days if the claimant initially files with a state or local agency with authority to grant or seek relief from such practice. *See* 42 U.S.C. § 2000e-5(e)(1).