**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2013

No. 12-20337

Lyle W. Cayce
Clerk

GWENDOLYN L. JONES,

Plaintiff-Appellant

v.

BP AMOCO CHEMICAL COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-01399

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gwendolyn L. Jones appeals the district court's granting of BP Amoco
Chemical Company's ("BPACC") motion for summary judgment on her Title VII
of the Civil Rights Act of 1964 ("Title VII") complaint for race and sex
discrimination and for retaliation. Jones, an African American woman, claims
BPACC discriminated against her by putting her on a special performance plan
and denying her access to field trainers during the performance plan period. She
also claims BPACC retaliated against her for filing a complaint with the BPACC

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ombudsman by causing a lapse in her insurance coverage.  She argues the lapse occurred when BPACC paid her for all of her unused vacation benefits, rather than for only half the unused vacation benefits as she requested.  We refer to the district court's order for a more detailed accounting of the facts.

"We review the grant of a motion for summary judgment *de novo*, applying the same standard as the district court." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).  "We view the evidence in the light most favorable to the non-moving party and avoid credibility determinations and weighing of the evidence." *Id.*  We may affirm the district court's judgment on any basis supported by the record.  *United States v. Taylor*, 482 F.3d 315, 318 (5th Cir. 2007).

Jones argues for the first time on appeal that she suffered from a hostile work environment and/or continuing violation that makes her Styrene Unit claim timely.  We do not address this argument because she has waived it by not raising it before the district court.  *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 n.2 (5th Cir. 2007) (declining to consider issues presented for the first time on appeal); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (same).  Her remaining claims, then, are discrimination during her time in the PX2 Unit and retaliation for her complaint to the BPACC ombudsman.

To plead a *prima facie* case of discrimination under Title VII, a plaintiff must show that "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) others similarly situated were more favorably treated." *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006) (quoting *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 184 (5th Cir. 1999)).  We agree with the district court for the reasons articulated in its order that Jones has failed to present competent summary judgment evidence that other similarly situated non-protected

No. 12-20337

employees were treated more favorably than she was. Therefore, Jones's discrimination claim from her time in the PX2 Unit fails.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show: (1) she engaged in protected activity; (2) she was subjected to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003). We agree with the district court for the reasons articulated in its order that BPACC's payment of all Jones's unused vacation benefits according to company policy was not an adverse employment action. Therefore, Jones's retaliation claim fails.

AFFIRMED.