Joseph F. Bataillon, Senior United States District Judge
This matter is before the Court on the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). Filing No. 43 and Filing No. 46. This case involves an action brought generally under the Consumer Credit Protection Act ("CCPA")[1] as well as the Administrative Procedures Act ("APA"), 5 U.S.C. § 701. Plaintiff Lisa Russ ("Russ") requests judicial review of the Secretary of Education's final decision that she is responsible for consolidated student loan debt. She asserts this debt was the result of identity theft. Russ asserts that the United States Department of Education ("the Department") fraudulently and improperly denied her identify theft claim, as *1012 well as fraudulently determined that she is obligated to pay her student loan. Defendants contend that Russ's complaint should be dismissed, for failure to state a claim for which relief can be granted as the fraud claim lacks sufficient specificity, and that the case should be dismissed for lack of subject-matter jurisdiction due to the Department's sovereign immunity.
I. BACKGROUND
Lisa Russ was married to Kevin W. Russ in 1994.[2] In either 1995 or 1996, Lisa Russ and Kevin Russ consolidated their undergraduate student loans. In 2000, they divorced. Under their divorce decree, Kevin Russ was responsible for the consolidated student loans totaling approximately $ 55,000-$ 25,000 of which belonged to Lisa Russ. During her divorce proceedings, Lisa Russ applied for and received student loans for a master's degree program. Sometime after her divorce Lisa Russ received a past due notice from a student loan servicer, Great Lakes Higher Education Corporation and Affiliates ("Great Lakes"). The notice showed a balance for the spousal consolidation loan exceeding $ 121,000.
Russ inquired with both Great Lakes and the Department regarding the past due loan. Great Lakes told Russ that the loan account information was accessible on Studentloans.gov and that if the website did not list the loan, then she was not responsible for it. Studenloans.gov did not list the $ 121,000 loan. She also contacted the Department, providing the loan identification number Great Lakes had given her. Based on this identification number, the only loan records the Department possessed were from her master's degree program. Later, Russ attempted to refinance some loans but was unsuccessful due to her poor credit report based on the delinquent student loans. She alleges that Great Lakes and the Department are responsible for these negative reports on her credit.
After subsequent inquiries into Great Lakes' loan document records by Russ, it provided her with a 1999 promissory note and a 2012 unemployment request. Russ further alleges that these forms are fraudulent and that her identity was stolen. In January 2016, she filed an identity theft report with the Saunders County Sheriff's Department, which sent a subpoena to Great Lakes in February 2016. By September 2016, Great Lakes had yet to respond. She also contacted the Department, which issued a final decision on March 22, 2017, denying Russ's identity theft claim.
On August 22, 2017, Russ filed an amended complaint alleging her inability to obtain loan refinancing due to her damaged credit because of Defendants' failure to clarify her loan obligations. Accordingly, she claims defendants violated the CCPA, including FDCPA and FCRA subchapters, by continuing to seek loan collection payments in error. Moreover, she claims Defendants acted fraudulently by denying her identity theft claim, alleging the Department's denial is incorrect. As a result, Russ is requesting judicial review of the Department's final decision to deny her identity theft claim; injunctive relief enjoining Defendants from proceeding on the Department's decision; declaratory relief that she is not obligated to Great Lakes; declaratory relief that Great Lakes is civilly liable for its CCPA violations; declaratory relief that Defendants were negligent pursuant to 15 U.S.C. § 1681o ; declaratory relief that Defendants acted fraudulently; restoration of her credit; and attorney's fees, costs, and litigation expenses. The Department filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and both Defendants filed a motion to dismiss pursuant *1013 to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. The parties have filed briefs in support, Filing No. 45 and Filing No. 48 and in opposition, Filing No. 51.
II. STANDARD OF REVIEW
A. Fed. R. Civ. P. 12(b)(6)
Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) ; Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus , 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ). In order to survive a motion to dismiss under, Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly , 550 U.S. at 555, 127 S.Ct. 1955.
Determining whether a complaint states a plausible claim for relief is "a context specific task" that requires the court "to draw on its judicial experience and common sense." Ashcroft v. Iqbal , 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under Twombly , a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." Id. Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. Id. First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. Id. Second, the factual allegations must be parsed for facial plausibility. Id.
"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678, 129 S.Ct. 1937 (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.). The court must find enough factual matter (taken as true) to suggest that discovery will reveal evidence of the elements of the claim. Twombly , 550 U.S. at 558, 556, 127 S.Ct. 1955. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Twombly , 550 U.S. at 558, 127 S.Ct. 1955 ; Iqbal , 556 U.S. at 679, 129 S.Ct. 1937.
B. Fed. R. Civ. P. 12(b)(1)
Jurisdiction is a threshold issue for this Court. See Steel Co. v. Citizens for a Better Env't , 523 U.S. 83, 94-96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ; see also Arbaugh v. Y & H Corp. , 546 U.S. 500, 507, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. See DaimlerChrysler Corp. v. Cuno , 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) ; V S Ltd. P'ship v. Dep't of Hous. & Urban Dev. , 235 F.3d 1109, 1112 (8th Cir. 2000).
*1014 A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." Titus v. Sullivan , 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject-matter jurisdiction." Id. In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. Id. In reviewing a pleading, the court may generally consider documents attached to it. Brown v. Green Tree Servicing LLC , 820 F.3d 371, 373 (8th Cir. 2016) (regarding mortgage and notice); Great Plains Trust Co. v. Union Pac. R.R. , 492 F.3d 986, 990 (8th Cir. 2007) (stating the court may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").
III. DISCUSSION
A. DEPARTMENT OF EDUCATION
The Department argues that this Court does not have subject-matter jurisdiction over the Plaintiff's CCPA claims[3] because the United States has not waived its sovereign immunity for such claims, and therefore, these claims should be dismissed. Filing No. 48, at 4. This Court agrees.
The United States is immune from suit unless it consents to be sued. Thus, the terms of its consent dictate a court's jurisdiction to hear such a suit. United States v. Sherwood , 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The federal government must waive its sovereign immunity to suit, otherwise, a claim is subject to dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction. F.D.I.C. v. Meyer , 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). It is "elementary" that the United States and its agencies are immune from suit unless Congress has expressly provided consent to be sued. Ha v. U.S. Dep't of Educ. , 680 F.Supp.2d 45, 46-47 (D.D.C. 2010) (quoting United States v. Mitchell , 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) ). Furthermore, the federal government's waiver from sovereign immunity must be "unequivocally expressed" and will not be implied. Mitchell , 445 U.S. at 538, 100 S.Ct. 1349 (quoting United States v. King , 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) ).
The Court agrees that the CCPA and its subchapters-including TILA and FDCPA-do not provide an express and unequivocal waiver of sovereign immunity for the Department of Education to be sued. TILA does not address sovereign immunity. This demonstrates that the Department has not given its consent to suit, and therefore, it is immune from claims brought against it. While the TILA does not address sovereign immunity, it does address statutory exemptions. Russ's consolidated student loan is exempt from TILA's statutory obligations because it is a loan "made, insured, or guaranteed pursuant to" the Higher Education Act ("HEA"). 15 U.S.C. § 1603 (7). As such, this Court cannot hear her TILA claim due to its lack of subject-matter jurisdiction.
*1015 Contrastingly, the FDCPA addresses sovereign immunity by excluding the Department from its "debt collector" definition, a party who may be held civilly liable. 15 U.S.C. § 1692K(a). The FDCPA excludes from the debt collector definition, "any officer or employee of the United States ... to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a (6)(C). As a federal agency, the Department of Education fits this statutory definition, and is exempt from the FDCPA's obligations. See Wagstaff v. U.S. Dept. of Educ. , 509 F.3d 661, 664 (5th Cir. 2007) (highlighting that without an express waiver of immunity, the Department of Education cannot be sued for its efforts to collect or report on a debt). See also United States v. Errigo , No. 08-CV-12506, 2009 WL 127863, *2 (E.D. Mich. Jan. 20, 2009) (dismissing a taxpayer's claim against the United States for failure to show the government had waived immunity); Little v. Tenn. Student Assistance Corp. , 537 F.Supp.2d 942, 944 (W.D. Tenn. 2008) (finding that the FDCPA does not contain an express waiver of sovereign immunity to allow a debtor to sue Tennessee's designated federal guaranty agency responsible for loan programs).
Moreover, even if there is statutory ambiguity concerning the Department's ability to be sued under the FDCPA, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena , 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Narrowly construed, this definition favors the Department of Education, because it does not expressly state that it has waived its sovereign immunity. Accordingly, this Court lacks subject-matter jurisdiction to hear Russ's FDCPA claim.
Finally, the Department is immune from Russ's FCRA claim as well. Russ brings her FCRA claim against the Department for civil liability for negligent noncompliance. 15 U.S.C. § 1681o. Although FCRA includes in its definition of potentially liable "person" any "government or governmental subdivision or agency," this definition is not sufficient to permit Russ to sue the Department. 15 U.S.C. § 1681a(b). This is due to the requirement that courts must construe statutes narrowly; take into account their legislative history; do not invoke absurd results; and consider relevant circumstances, such as immunity, in statutory interpretation. See Bond v. United States , 572 U.S. 844, 134 S.Ct. 2077, 2091, 189 L.Ed.2d 1 (2014) (highlighting correct statutory interpretation necessitates an "awareness of certain presuppositions."). Applying the "person" definition throughout the FCRA would lead to "implausible results" reiterating that Congress did not intend for the "law's enforcement provisions to apply against the federal government." Daniel v. Nat'l Park Serv. , 891 F.3d 762, 770 (9th Cir. 2018). In similar circumstances, courts are "reluctant to read 'person' to mean the sovereign where, as here, such a reading is decidedly awkward." Id. (quoting Int'l Primate Prot. League v. Adm'r of Tulane Educ. Fund , 500 U.S. 72, 83, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) ).
FCRA's legislative history demonstrates Congress did not intend to expose the federal government to suit. See, e.g. , H.R. Rep. No 103-486, at 49 (1994) (explaining FCRA's enforcement provisions are directed at "banks" and "retailers"). Additionally, the lack of any historical reference to "potential federal liability is particularly glaring given [its] role as the nation's largest employer, lender, and creditor." Daniel , 891 F.3d at 776. As such, Congress did not intend to extend the enforcement provisions of the FCRA to the federal government. Id.
*1016 Although the Eighth Circuit has not expressly addressed the issue of if FCRA waives sovereign immunity for the Department of Education, several federal district courts and the Ninth Circuit have concluded that FCRA does not waive sovereign immunity. See Daniel , 891 F.3d at 771 (holding FCRA does not waive sovereign immunity to bring suit against the National Park Service); Stellick v. U.S. Department of Education , No. 11-CV-0730 PJS/JJG, 2013 WL 673856, at *4 (D. Minn. Feb. 25, 2013) (holding that "nothing" in the FCRA waives the Department of Education's sovereign immunity); Tice v. U.S. Dept. of Treasury , No. 2:16-CV-1813-CWH, 2017 WL 3017717, at *5 (D. S.C. Mar. 30, 2017) (asserting after reviewing FCRA's legislative history the United States has not consented to suit under § 1681o for negligent noncompliance); Robinson v. Pennsylvania Higher Education Assistance Agency , No. GJH-15-0079, 2017 WL 1277429 (D. Md. Apr. 3, 2017) (highlighting Congress's capabilities to expressly waive sovereign immunity and that no "such language is found reading 15 U.S.C. § 1681a(b) and ... § 1681o of the FCRA together."). But see Bormes v. United States , 759 F.3d 793, 795 (7th Cir. 2014) (holding that FCRA waives sovereign immunity for damages). However, the Ninth Circuit disagrees with the Bormes opinion, stating it is "not convinced by the Seventh Circuit's reasoning." Daniel , 891 F.3d at 773.
The Court has reviewed Daniel , as well as the similar district court cases that do not waive sovereign immunity for FCRA claims. The Court has also reviewed Bormes . The Court finds that the Ninth Circuit and the various district court cases most closely follow the law as it relates to sovereign immunity in the Eighth Circuit. See Mader v. United States , 654 F.3d 794, 800 (8th Cir. 2011) (affirming the court's commitment to interpret sovereign immunity narrowly and not extend beyond Congress's intent). Accordingly, the Court will follow the case law as outlined by those courts. Therefore, this Court lacks subject-matter jurisdiction to hear Russ's FCRA claim because the Department has not waived its sovereign immunity.
In the alternative, the Department argues that Russ's fraud claim is insufficient because it fails to allege a claim for which relief can be granted and that this claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This Court agrees. Russ's claim is not specific enough against the Department to constitute a valid fraud claim. (Filing No. 38, ¶ 23). Instead, Russ merely asserts the Department sought to collect payment on the consolidated loan and made negative credit reports against her. (Filing No. 38, ¶ 54). This is not a fraud claim; instead, it is a conclusory statement. There must be enough facts to suggest that further trial stages will reveal evidence of the elements of the claim. Twombly , 550 U.S. at 558, 556, 127 S.Ct. 1955. A fraud claim must also assert "the who, what, where, when, and how of the alleged fraud." Drobnak v. Andersen Corp. , 561 F.3d 778, 783 (8th Cir. 2009) (quoting United States ex rel. Joshi v. St. Luke's Hosp., Inc. , 441 F.3d 552, 556 (8th Cir. 2006) ). This claim is insufficient to do so. She also alleges that by denying her identify theft claim, the Department acted fraudulently in assessing her monetary obligations to Great Lakes. (Filing No. 38, ¶ 55). This claim is also conclusory for which no additional specific facts are given. (Filing No. 38, ¶ 54-55). Both of Russ's fraud claims are not specific enough to merit judicial relief, therefore, her fraud claims are dismissed.
Russ claims she is entitled to review of the Department's final decision to deny her identity theft claim, thus obligating her to pay the consolidated student loan. (Filing No. 38 ¶ 9). She alleges judicial *1017 review is necessary because the Department acted arbitrarily and capriciously, and failed to support its decision to deny her claim without sufficient evidence in the record. (Filing No. 38 ¶ 57). Further, the government seems to concede that Russ has a right to proceed with this claim. (Filing No. 48, at 2). Therefore, her claim against the Department denying her identity theft claim can proceed and is not dismissed.
B. GREAT LAKES
Great Lakes argues that Russ's claims pursuant to the FCBA, FDCPA, and FCRA should be dismissed for failure to state a claim for which relief can be granted. (Filing No. 44, at 2 ). This Court agrees.
The FCBA is a subsection of the TILA. 15 U.S.C. § 1666. Certain loans are exempt from TILA's statutory requirements, such as loans made under the HEA. Russ's consolidated student loan is exempt from TILA's statutory obligations because it is a loan "made, insured, or guaranteed pursuant to" the HEA. 15 U.S.C. § 1603 (7). Similar to rationale for the dismissal of Russ's TILA claim against the Department, her FCBA claim does not state a claim for which relief can be granted because her consolidated loan is exempt from the FCBA statutory requirements under 15 U.S.C. § 1666. Therefore, her FCBA claim is dismissed for failure to state a claim for which relief can be granted.
Similarly, Russ's FDCPA claim against Great Lakes, the student loan servicer, fails to allege adequately that Great Lakes is subject to FDCPA's statutory requirements. A company is subject to the FDCPA if it is a "debt collector," or a "person who uses any instrumentality of interstate commerce ... who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statutory definition as well as the act's legislative history is determinative if a company is subject to the FDCPA. The act's legislative history reveals that section 1692a(6) was intended to cover independent debt collectors and not to cover the "collection of debts such as ... student loans, by persons who originated such loans ... [or] others who service outstanding debts for others." S. Rep. No. 95-382, 95th Cong., 1st Sess. (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697-98, 1977 WL 16047. See also Mondonedo v. Sallie Mae, Inc. , No. 07-4059-JAR, 2009 WL 801784, at *3 (D. Kan. Mar. 25, 2009) (highlighting an entity that does not own the loan but rather services it is regarded as a creditor and generally not subject to the FDCPA).
Moreover, at least one federal court has already declared that Great Lakes in its capacity as a loan service corporation is not a "debt collector" defined by the FDCPA. Weber v. Great Lakes Educ. Loan Servs. , No. 13-cv-00291-wmc, 2013 WL 3943507, at *2 (W.D. Wis. July 30, 2013). Russ also fails to assert with sufficient specificity how Great Lakes is a debt collector as defined by the FDCPA. (Filing No. 38, ¶ 35). She only asserts conclusory statements without further factual allegations. Consequently, because Great Lakes is not acting as a debt collector but rather as a loan servicer, it is exempt from the FDCPA requirements and Russ's claim is dismissed for failure to state a claim for which relief can be granted.
Russ's FCRA claim is also dismissed for failure to state a claim for which relief can be granted. FCRA § 1681s-2(a) outlines duties and prohibitions that credit furnishers must follow. 15 U.S.C. § 1681s-2(a). Although Russ alleges Great Lakes violated some of these statutory requirements, her complaint fails to assert a viable claim for relief because she *1018 does not have a private right of action to enforce section 1681s-2(a). Instead, FCRA limits section 1681s-2(a)'s enforcement to federal and state agencies: "[T]he provisions ... shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials." 15 U.S.C. § 1681s-2(d). As such, her claim is dismissed.
Finally, Russ's fraud claim is dismissed for lack of specificity to constitute a valid fraud claim. She merely asserts Great Lakes "sought to collect payment, and made negative reports on [her] credit" (Filing No. 38, ¶ 54). This is not a fraud claim; instead, it is a conclusory statement. There must be enough facts to suggest that further trial stages will reveal evidence of the elements of the claim. Twombly , 550 U.S. at 558, 556, 127 S.Ct. 1955. A fraud claim must also assert "the who, what, where, when, and how of the alleged fraud." Drobnak , 561 F.3d at 783 (quoting United States ex rel. Joshi v. St. Luke's Hosp., Inc. , 441 F.3d 552, 556 (8th Cir. 2006) ). This claim fails to do so, and therefore is dismissed for failure to state a claim for which relief can be granted.
THEREFORE, IT IS ORDERED THAT:
1. Defendant Great Lakes Higher Education's motion to dismiss, Filing No. 43, is granted as set forth herein.
2. Defendant United States Department of Education's partial motion to dismiss, Filing No. 46, is granted in part and denied in part as set forth herein. Plaintiff may proceed on her claim against the United States Department of Education for denial of her identity theft claim and resultant loan obligation.

The CCPA, 15 U.S.C. § 1601, includes the Truth In Lending Act (TILA), 15 U.S.C. § 1601, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2, and the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666, all of which concern claims the Plaintiff brings against Defendants.

Kevin Russ is no longer a Defendant in this case.

The CCPA includes the subchapters TILA, FDCPA, and FCRA. Although Russ does not explicitly name TILA in her complaint, she cites to 15 U.S.C. § 1666, one of TILA's subchapters, entitled the Fair Credit Billing Act (FCBA).