**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1855
_____

JOSEPH T. PHIPPS, JR., Appellant

v.

PENNSYLVANIA DEPARTMENT OF LABOR; LANCASTER UNEMPLOYMENT
OFFICE; BOARD OF APPEALS, Pennsylvania Department of Labor; MAIN OFFICE,
Pennsylvania Department of Labor

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-02275)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2019
Before: MCKEE, COWEN and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 18, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Joseph Phipps appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons detailed below, we will affirm the District Court's judgment.

Phipps filed a complaint against the Pennsylvania Department of Labor, the Lancaster Unemployment Office, and the Unemployment Compensation Board of Review. He alleged that the Lancaster Unemployment Office failed to mail him paperwork he needed to pursue a claim, and the Board of Review then refused to hear his appeal. He further alleged that the Department of Labor wrongly intercepted part of his tax refund. He claimed that these defendants violated his rights under the Due Process Clause and the Fair Debt Collection Practices Act, and requested $20 million in damages.

Phipps proceeded in forma pauperis, and a Magistrate Judge screened the case under 28 U.S.C. § 1915. The Magistrate Judge recommended that the complaint be dismissed as barred by the defendants' sovereign immunity. The District Court approved and adopted the report and recommendation, and Phipps filed a timely notice of appeal. He has also filed a motion to add new defendants to the case.

We agree with the District Court's analysis. In general, sovereign immunity protects states and their agencies from suit in federal court. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144–46 (1993); Karns v. Shanahan, 879 F.3d 504, 512–13 (3d Cir. 2018). We have previously ruled that this immunity extends to the Department of Labor, see Hampe v. Butler, 364 F.3d 90, 97 (3d Cir. 2004); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 692 (3d Cir. 1996), and the same goes for the other defendants, both of which are components of the Department of Labor, see 71 Pa.

2

Stat. and Cons. Stat. § 62; 43 Pa. Stat. and Cons. Stat. § 762; see generally Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254–55 (3d Cir. 2010). This immunity does not apply if the state has waived it or Congress has set it aside, but neither has happened here. See Quern v. Jordan, 440 U.S. 332, 340–41 (1979) (concluding that 42 U.S.C. § 1983 does not abrogate states' sovereign immunity); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) ("The Pennsylvania legislature has, by statute, expressly declined to waive its Eleventh Amendment immunity."); cf. Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007) (rejecting argument that the Fair Debt Collection Practices Act waived federal sovereign immunity).[1]

Accordingly, we will affirm the District Court's judgment, with the clarification that the dismissal is without prejudice. See In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997). We deny Phipps's motion to add

---

[1] Phipps has argued that the District Court improperly "took into account certain factors such as my inability to pay fees and my inability to have a lawyer represent me in this matter." Br. at 1. We disagree. Rather, the District Court simply applied the standard sovereign-immunity rules. Further, in light of the defendants' immunity, the District Court did not err when it declined to grant Phipps an opportunity to amend. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).